# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. BRYANT, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Civil No. 10cv1799-MMA (WVG) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, an inmate at the San Diego County Jail proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

Although the Court would ordinarily provide Petitioner an opportunity to satisfy the filing fee requirement, it is clear that Petitioner's claim is not properly brought in a habeas action. Petitioner states that he is suing the State of California and the San Diego County Jail for the sum of ten million dollars because they refuse to provide him with medication which was proscribed to him by his doctor prior to his incarceration, because it is abused by other inmates. (Pet. Attachment at 1-2.) Petitioner does not challenge the fact or duration of his confinement or seek an immediate or speedier release from custody.

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Court considered the potential overlap between federal habeas actions under 28 U.S.C. § 2254 and challenges to the conditions of confinement pursuant to 42 U.S.C. § 1983. The Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that confinement, even though the claim may also come within the literal terms of section 1983. <u>Id.</u> at 488-500. On the other hand, a section 1983 action is a proper avenue for a prisoner who is making a constitutional challenge to the conditions of his incarceration, but not to the fact or length of his custody. <u>Id.</u> at 499.

The Supreme Court has therefore concluded that prisoners must use habeas corpus "when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005), and that claims which, if successful, would not entitle Petitioner to release from custody, are cognizable under section 1983. <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644. 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonsrat(e) the invalidity of the conviction.'") (quoting <u>Heck v. Humphrey</u>, 512 U.S. 477, 481-82 (1994).) In <u>Edwards</u> the Court found that a prisoner's claim for an injunction barring future unconstitutional procedures did not fall within federal habeas. <u>Id.</u> at 648. In addition, monetary damages are not an available remedy in a habeas action. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 554 (1974); <u>Preiser</u>, 411 U.S. at 493.

Accordingly, because Petitioner is not seeking immediate or speedier release from custody, but is seeking monetary damages and prospective injunctive relief in the form of an order directing the jail to provide him with his medication, his claim should be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. Thus, although the Court dismisses this action without leave to amend, Petitioner is free to file a separate civil rights action pursuant to § 1983, if he wishes.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Petition is **DISMISSED** for failure to satisfy the filing fee requirement. The dismissal is without prejudice to Petitioner to proceed in a separate civil rights Complaint filed pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number. The Clerk of Court shall send Petitioner a blank Southern District of California Civil Rights Complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: August 31, 2010

Hon. Michael M. Anello
United States District Judge